THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| TAYLOR ELECTRIC, INC., <br><br> Plaintiff, <br><br> vs. <br><br> TRINITY DATA CENTER SOLUTIONS, LLC; a Georgia limited liability company; and ALIGNED ENERGY DATA CENTERS or ALIGNED ENERGY DATA CENTERS (SLC) PROPCO, LLC, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER REMANDING CASE FOR LACK OF JURISDICTION** <br><br> Case No. 2:24-cv-00633-DBB <br><br> Judge David Barlow |

Defendants Trinity Data Center Solutions, LLC ("Trinity Data") and Aligned Energy Data Centers (SLC) Propco, LLC ("Aligned") (collectively "Defendants"), have removed this civil action originally filed by Plaintiff Taylor Electric, Inc. ("Taylor Electric") in the Third Judicial District Court of Salt Lake County. Defendants assert the court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (*See* ECF No. 2, ¶ 5.) The Notice of Removal, however, is insufficient to establish that this court has diversity jurisdiction over the action because the Defendants have not included allegations as to the citizenship of the LLCs' members.

On October 3, 2024, the court issued an order to show cause as to why the case should not be dismissed for lack of jurisdiction based on the parties' failure to plead the citizenship of the business entities in this action.[1] It continued that "[f]ailure to do so will result in the action being dismissed for lack of jurisdiction."[2] On October 10, 2024, Plaintiff Taylor Electric clarified

---

[1] ECF No. 12.
[2] *Id.* at 4.

that despite the case caption, it is a Utah corporation.[3] On this same date, Defendants also responded to the court's order.[4] Despite listing itself again as an LLC ("Trinity Data Center Solutions, LLC"), Trinity devoted one sentence to simply state that it is "an incorporated entity" and "is a citizen of Georgia."[5] This is not sufficient.

On the other hand, Aligned stated that it is a limited liability company and truly diverse but "due to privacy concerns Aligned has elected not to provide the numerous layers of information of Aligned's ownership. Even though none of Aligned's owners are residents or citizens of Utah, Aligned would prefer remand over disclosing all owners to establish diversity."[6]

As a result, Defendants requested that under Federal Rule of Civil Procedure 21, the court sever the case between Defendants, remand Plaintiff's claims against Aligned, and maintain jurisdiction over Plaintiff's suit against Trinity Data.[7] However, under 28 U.S.C. § 1441(a), "there must 'be complete diversity at the time of removal.'"[8] Notwithstanding that Trinity Data has also failed to prove its citizenship, because Aligned is not willing to prove that its removal from state court was proper through alleging the citizenship of its members, the court does not have subject matter jurisdiction to consider Aligned's request to sever the case. Therefore, the case is remanded to the Third Judicial District Court of Salt Lake County where it was originally filed.

---

[3] ECF No. 15.
[4] ECF No. 14.
[5] *Id.* at 2.
[6] *Id.*
[7] *Id.*
[8] *Nyman v. Mid-century Ins. Co.*, No. 1:22-CV-120-TS-CMR, 2022 WL 17323080, at *1 (D. Utah Nov. 29, 2022) (citing *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 574 (2004)).

DATED: October 11, 2024              BY THE COURT

 

_____
David Barlow
United States District Judge